**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Donna EPPERSON,**
**Defendant–Appellant.**

**No. 90–3344.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 14, 1991.

---

Jay L. Hoffer, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before FAY and DUBINA, Circuit Judges and ESCHBACH *, Senior Circuit Judge.

PER CURIAM:

Epperson entered a plea of guilty to charges of embezzling a postal money order (Count I). Based upon a plea agreement, three other counts of the indictment were dismissed. The district court imposed a sentence of nine months confinement and ordered restitution in the amount of $6,698.18. As Count I involved only $140.00, the vast majority of the ordered restitution arose from related activities of the same nature. Although Epperson contested the computation of the total loss to the Postal Service as set forth in the Pre–Sentence Investigation, she stipulated to losses of approximately $1,000.

Several challenges are raised to the sentence imposed and to the calculations made under the Sentencing Guidelines. We find these to be without merit with one exception dealing with restitution. The Supreme Court has recently clarified the scope of restitution which may be imposed pursuant to 18 U.S.C. § 3579(a)(1) (now re-codified as 18 U.S.C. § 3663). The Court has limited restitution awards to the loss caused by the conduct underlying the offense of conviction. *Hughey v. United States,* ⸺ U.S. ⸺, 110 S.Ct. 1979, 1984, 109 L.Ed.2d 408 (1990). Consequently, we must vacate that portion of appellant's sentence requiring restitution.

That portion of the district court's sentence dealing with restitution is VACATED; in all other regards the judgment is AFFIRMED. The matter is REMANDED

for a revised calculation as to restitution and modification of the sentence.

---

* Hon. Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.